1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 7  DAVID SHEPHARD,<br><br>8                         Plaintiff,<br><br>9          v.<br><br>10  CAROLYN W. COLVIN,<br>Commissioner of Social Security<br>11  Administration,<br><br>12                         Defendant. | NO:  1:14-CV-3064-TOR<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

13          BEFORE THE COURT are the parties' cross-motions for summary

14  judgment.  ECF Nos. 15, 16.  D. James Tree represents Plaintiff.  Richard M.

15  Rodriguez represents Defendant.  The Court has reviewed the administrative

16  record and the parties' completed briefing and is fully informed.  For the reasons

17  discussed below, the Court grants Defendant's motion and denies Plaintiff's

18  motion.

19  //

20  //

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited:  the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. *Id.* § 416.920(a)(4)(i). If the claimant is engaged in "substantial

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1   gainful activity," the Commissioner must find that the claimant is not disabled.  *Id.*

2   § 416.920(b).

3          If the claimant is not engaged in substantial gainful activities, the analysis

4   proceeds to step two.  At this step, the Commissioner considers the severity of the

5   claimant's impairment.  *Id.* § 416.920(a)(4)(ii).  If the claimant suffers from "any

6   impairment or combination of impairments which significantly limits [his or her]

7   physical or mental ability to do basic work activities," the analysis proceeds to step

8   three.  *Id.* § 416.920(c).  If the claimant's impairment does not satisfy this severity

9   threshold, however, the Commissioner must find that the claimant is not disabled.

10  *Id.*

11         At step three, the Commissioner compares the claimant's impairment to

12  several impairments recognized by the Commissioner to be so severe as to

13  preclude a person from engaging in substantial gainful activity.  *Id.*

14  § 416.920(a)(4)(iii).  If the impairment is as severe as or more severe than one of

15  the enumerated impairments the Commissioner must find the claimant disabled

16  and award benefits.  *Id.* § 416.920(d).

17         If the severity of the claimant's impairment does meet or exceed the severity

18  of the enumerated impairments, the Commissioner must pause to assess the

19  claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

20  defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1   activities on a sustained basis despite his or her limitations, *id.* § 416.945(a)(1), is

2   relevant to both the fourth and fifth steps of the analysis.

3          At step four, the Commissioner considers whether, in view of the claimant's

4   RFC, the claimant is capable of performing work that he or she has performed in

5   the past ("past relevant work"). *Id.* § 416.920(a)(4)(iv). If the claimant is capable

6   of performing past relevant work, the Commissioner must find that the claimant is

7   not disabled. *Id.* § 416.920(f). If the claimant is incapable of performing such

8   work, the analysis proceeds to step five.

9          At step five, the Commissioner considers whether, in view of the claimant's

10   RFC, the claimant is capable of performing other work in the national economy.

11   *Id.* § 416.920(a)(4)(v). In making this determination, the Commissioner must also

12   consider vocational factors such as the claimant's age, education and work

13   experience. *Id.* If the claimant is capable of adjusting to other work, the

14   Commissioner must find that the claimant is not disabled. *Id.* § 416.920(g)(1). If

15   the claimant is not capable of adjusting to other work, the analysis concludes with

16   a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

17          The claimant bears the burden of proof at steps one through four above.

18   *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If

19   the analysis proceeds to step five, the burden shifts to the Commissioner to

20   establish that (1) the claimant is capable of performing other work; and (2) such

1   work "exists in significant numbers in the national economy."  20 C.F.R.

2   § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

3                              **ALJ FINDINGS**

4           Plaintiff filed applications for disability insurance benefits and supplemental

5   security income on August 17, 2010, alleging a disability onset date of January 1,

6   1996.  Tr. 223-27, 228-37.  Plaintiff's claims were denied initially, Tr. 130-36,

7   137-44, and upon reconsideration, Tr. 151-58, 159-70.  Plaintiff requested a

8   hearing before an ALJ, which was held on February 26, 2013.  Tr. 45-70.  At the

9   hearing, Plaintiff amended his alleged onset date to August 17, 2010, and withdrew

10  his claim for disability insurance benefits.  Tr. 48.  The ALJ rendered a decision

11  denying Plaintiff's claim on March 28, 2013.  Tr. 18-44.

12          At step one, the ALJ found that Plaintiff had not engaged in substantial

13  gainful activity since August 17, 2010.  Tr. 23.  At step two, the ALJ found that

14  Plaintiff had the following severe impairments: hallux valgus, hammertoe

15  deformities, degenerative disc disease, depressive disorder, and social phobia vs.

16  social adjustment disorder.  Tr. 24.  At step three, the ALJ found that Plaintiff did

17  not have an impairment or combination of impairments that met or medically

18  equaled a listed impairment.  Tr. 24.  The ALJ then concluded that Plaintiff had the

19  RFC

20          to perform light work as defined in 20 CFR 416.967(b) with
            additional limitations. Specifically, the claimant can lift and carry

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

twenty pounds occasionally and ten pounds frequently. The claimant can sit for about six hours and stand and/or walk for about two hours in an eight-hour day with regular breaks, in increments of fifteen to twenty minutes. The claimant can occasionally push/pull with his legs within these exertional limits. The claimant can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can perform work that does not involve concentrated exposure to extreme cold, humidity, and vibration. The claimant can perform work that does not involve even moderate exposure to hazards. The claimant can understand, remember, and carry out simple routine tasks. The claimant can have occasional contact with coworkers and supervisors. The claimant can have superficial brief contact with the general public.

Tr. 26.  The ALJ found, at step four, that Plaintiff was unable to perform past relevant work as a roofer.  Tr. 36.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there exist significant numbers of jobs in the national economy that Plaintiff could perform in representative occupations such as table worker, sack bag repairer, and printed circuit-board screener.  Tr. 37.  On that basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act.  Tr. 37.

The Appeals Council denied Plaintiff's request for review on March 19, 2014, Tr. 1-7, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

# ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income under Title XVI of the Social Security Act. ECF No. 15.  Plaintiff raises the following three issues for this Court's review:

    (1)  Whether the ALJ properly discredited Plaintiff's statements regarding the severity and limiting effects of his impairments;

    (2)  Whether the ALJ properly weighed the opinions of Plaintiff's treatment providers; and

    (3)  Whether the ALJ's ultimate nondisability determination was erroneous, considering the ALJ's RFC assessment and the hypothetical question posed to the vocational expert at the hearing failed to include all of Plaintiff's alleged limitations.

ECF No. 15 at 14-26.  The Court evaluates each contention in turn.

# DISCUSSION

## A.    Adverse Credibility Finding

"In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Molina*, 674 F.3d at 1112 (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).  First, the ALJ must determine whether the claimant has proved the existence of a physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings."  20 C.F.R. §§ 416.908, 416.927; *see Molina*, 674 F.3d at 1112.  A claimant's statements about his or her symptoms

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1   alone will not suffice.  *Id.* §§ 416.908, 416.927.  "Once the claimant produces

2   medical evidence of an underlying impairment, the Commissioner may not

3   discredit the claimant's testimony as to subjective symptoms merely because they

4   are unsupported by objective evidence." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th

5   Cir. 2010) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Bunnell v.*

6   *Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).  As long as the impairment

7   "could reasonably be expected to produce the pain or other symptoms," the

8   claimant may offer a subjective evaluation as to the severity of the impairment.

9   *Bunnell*, 947 F.2d at 345-56.  This rule recognizes that the severity of a claimant's

10   symptoms "cannot be objectively verified or measured."  *Id.* at 347 (citation

11   omitted).

12          However, an ALJ may conclude that the claimant's subjective assessment is

13   unreliable, so long as the ALJ makes "a credibility determination with findings

14   sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not

15   arbitrarily discredit claimant's testimony."  *Thomas v. Barnhart*, 278 F.3d 947, 958

16   (9th Cir. 2002); *see also Bunnell*, 947 F.2d at 345 ("[A]lthough an adjudicator may

17   find the claimant's allegations of severity to be not credible, the adjudicator must

18   specifically make findings which support this conclusion.").  If there is no

19   evidence of malingering, the ALJ's reasons for discrediting the claimant's

20   testimony must be "specific, clear and convincing."  *Chaudhry v. Astrue*, 688 F.3d

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

661, 672 (9th Cir. 2012) (quotation and citation omitted).  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *see Berry*, 622 F.3d at 1234 ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.").

In weighing the claimant's credibility, the ALJ may use "ordinary techniques of credibility evaluation." *Molina*, 674 F.3d at 1112 (citation omitted). The ALJ may consider many factors, including "'(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.'" *Chaudry*, 688 F.3d at 672 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)).  If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing.  *Id.* (quoting *Tommasetti*, 533 F.3d at 1039).

Here, the ALJ found that the medical evidence confirmed the existence of medical impairments which could reasonably be expected to cause some of Plaintiff's alleged symptoms.  Tr. 27.  However, the ALJ did not find entirely

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

credible Plaintiff's testimony about the intensity, persistence, and limiting effects of his symptoms.  Tr. 27.  There is no evidence of malingering in this case, and therefore the Court must determine whether the ALJ provided specific, clear, and convincing reasons not to credit Plaintiff's testimony regarding the limiting effect of his symptoms.  *Chaudhry*, 688 F.3d at 672.

Although Plaintiff contends that the ALJ improperly discredited his testimony, ECF No. 15 at 21, this Court disagrees.  The ALJ provided the following specific, clear, and convincing reasoning supported by substantial evidence for finding Plaintiff's subjective statements not fully credible: the ALJ found (1) inconsistencies between Plaintiff's testimony and the treatment record; (2) inconsistencies between Plaintiff's testimony and his reported daily activities; and (3) general inconsistencies throughout the record regarding Plaintiff's admissions to substance abuse.  Tr. 32-33.

First, the ALJ found "the objective evidence is inconsistent with the claimant's allegations."  Tr. 32.  For instance, although Plaintiff testified to mental health problems, he "did not complain of psychological symptoms and had normal mental status indicators."  Tr. 32.  Moreover, regarding Plaintiff's claims of social anxiety, the ALJ found no reports in the record of inappropriate social behavior; rather, the "consultative examiners noted that the claimant was cooperative and had unimpaired concentration and attention."  Tr. 32.  Further, although Plaintiff

testified to back pain, "there are little, if any, complaints of back pain in the provider chart notes." Tr. 32. Finally, although the ALJ did not find evidence in the record to support Plaintiff's foot deformities, "the emergency room chart notes repeatedly referenced the fact that the claimant was ambulatory upon discharge." Tr. 32. These inconsistencies between the Plaintiff's alleged limitations and objective medical evidence provided a permissible and legitimate reason for discounting Plaintiff's credibility. *Thomas*, 278 F.3d at 958; *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Second, the ALJ found "the claimant's reported activities shed doubt on his allegations." Tr. 33. In support, the ALJ noted the following:

> The claimant was able to live in a tent by the river and to get around. This behavior is inconsistent with allegations of debilitating pain and indicates that the claimant's feet are not as bad as he alleges. Indeed, the record shows that the claimant is fully independent in self-care, keeps himself clean, and does laundry. He reported elsewhere in the record that he spends days walking around including up and down the greenway. He is also able to go fishing and swimming. He testified that he can sometimes ride his motorcycle. In June 2011, the claimant was strong enough to attempt to move a toilet. These kinds of physical activities cast doubt on his claim of disabling functional limitations. The [RFC] of less than the full range of light work is generous, considering his ability to walk around all day and to move his camp by the river. The undersigned notes that, while he testified that he

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1    does not move his camp around, this is inconsistent with his function
2    report and his reports to the consultative examiners.

3    Tr. 33 (citations omitted).  Further, although Plaintiff testified to social anxiety

4    problems, the ALJ noted that Plaintiff had found housing with friends and thus "is

5    not as socially isolated as he had led providers to believe."  Tr. 32.  These

6    inconsistencies between Plaintiff's alleged limitations and his reported daily

7    activities provided a permissible and legitimate reason for discrediting Plaintiff's

8    credibility."  *See Molina*, 674 F.3d at 1113 ("Even where those activities suggest

9    some difficulty functioning, they may be grounds for discrediting the claimant's

10    testimony to the extent that they contradict claims of a totally debilitating

11    impairment.").

12        Finally, the ALJ found that "the record contains inconsistencies that erode

13    the claimant's credibility."  Tr. 33.  For instance, although Plaintiff testified that

14    the last he used methamphetamine five years before the hearing, the ALJ found he

15    tested positive for amphetamines in June 2010.  Tr. 33.  Regarding his cannabis

16    use, although Plaintiff testified that he last used marijuana approximately one and a

17    half years prior to the February 2013 hearing, he tested positive in May 2012.  Tr.

18    33.  Further, the ALJ found he inconsistently testified to the frequency of his

19    marijuana use: although he testified he smoked only once per month, he had

20    reported to providers that he smoked on a daily basis.  Tr. 33.  Finally, the ALJ

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

found Plaintiff had denied any substance abuse to some providers.  Tr. 33.  These

inconsistencies provided a permissible and legitimate reason for discrediting

Plaintiff's testimony.  *See Chaudry*, 688 F.3d at 672.

Accordingly, because the ALJ provided specific, clear, and convincing

reasons based on substantial evidence for discrediting Plaintiff's testimony, this

Court does not find error.

### B.    Medical Opinions

#### 1.    Treating Source Opinions

There are three types of physicians: "(1) those who treat the claimant

(treating physicians); (2) those who examine but do not treat the claimant

(examining physicians); and (3) those who neither examine nor treat the claimant

[but who review the claimant's file] (nonexamining [or reviewing] physicians)."

*Holohan*, 246 F.3d at 1201-02 (citations omitted).  A treating physician's opinions

are generally entitled to substantial weight in social security proceedings.  *Bray v.*

*Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir.2009).  If a treating or

examining physician's opinion is uncontradicted, an ALJ may reject it only by

offering "clear and convincing reasons" that are supported by substantial evidence

in the record.  *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir.

2008); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  "However, the

ALJ need not accept the opinion of any physician, including a treating physician, if

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

1   that opinion is brief, conclusory and inadequately supported by clinical findings."

2   *Bray*, 554 F.3d at 1228 (quotation and citation omitted).  If a treating or examining

3   doctor's opinion is contradicted by another doctor's opinion, an ALJ may only

4   reject it by providing "specific and legitimate reasons" that are supported by

5   substantial evidence in the record.  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574

6   F.3d 685, 692 (9th Cir. 2009); *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at

7   830-31).

8         Here, Plaintiff contends the ALJ erred by improperly rejecting the opinions

9   of Drs. Merrill, Ho, and Toews.  This Court will address each source in turn.

10           a.    <u>Dr. Jeffrey Merrill, M.D.</u>

11         Plaintiff first contends that the ALJ erred in rejecting the opinion of Dr.

12   Merrill.  ECF No. 15 at 16.  Specifically, Plaintiff points to Dr. Merrill's January

13   2013 evaluation in which he opined Plaintiff's hallux valgus and hammertoe

14   deformities were "severe" and would prevent Plaintiff from performing even

15   sedentary work without first undergoing corrective surgery.  *Id.*; Tr. 766, 769.

16   Because this opinion was contradicted, *see* Tr. 33-34, 123-25, 440, the ALJ need

17   only have given specific and legitimate reasons for rejecting it, *Bayliss*, 427 F.3d at

18   1216.

19         The ALJ provided specific and legitimate reasons for giving Dr. Merrill's

20   opinion "little weight."  Tr. 34.  First, while the ALJ acknowledged Plaintiff is

1  limited in his ability to stand and walk, "the record does not establish that [he] is

2  unable to do work that does not require significant standing and walking."  Tr. 34.

3  Rather Plaintiff's daily activities, as detailed above, contradict Dr. Merrill's

4  opinion.  Tr. 34; *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02

5  (9th Cir. 1999).  Second, the ALJ found Dr. Merrill's opinion, made in January

6  2013, was contradicted by repeated emergency records, with the most recent

7  December 2012 emergency room report stating that Plaintiff "had a steady gait."

8  Tr. 27, 29-31, 33 (noting the emergency room records demonstrated Plaintiff could

9  "ambulate independently," was "ambulatory upon discharge," had "normal steady

10  gait").  The ALJ, tasked with weighing contradictory evidence, set out a detailed

11  and thorough examination of the record, stated her interpretation of the evidence,

12  and made specific findings.  Tr. 27-36; *see Batson v. Comm'r of Soc. Sec. Admin.*,

13  359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if

14  supported by inferences reasonably drawn from the record . . . and if evidence

15  exists to support more than one rational interpretation, we must defer to the

16  Commissioner's decision.").  Finally, the ALJ noted that Dr. Merrill rendered his

17  opinion during his first appointment with the claimant, providing a further reason

18  to give it less weight.  Tr. 34; *see Turner v. Comm'r of Soc Sec.*, 613 F.3d 1217,

19  1223 (9th Cir. 2010).   Accordingly, because the ALJ provided several specific and

20

1  legitimate reasons for rejecting Dr. Merrill's opinion, this Court does not find

2  error.

3              b.      Dr. Marie Ho, M.D.

4       Plaintiff next contends that the ALJ erred in rejecting the opinion of Dr.

5  Marie Ho, M.D. ECF No. 15 at 18-19.  Specifically, Plaintiff points to Dr. Ho's

6  May 2011 examination in which she opined Plaintiff would be able to sit for less

7  than two hours at one time.  *Id.*; Tr. 440.  Because this opinion was contradicted,

8  Tr. 33, 123-25, the ALJ need only have given specific and legitimate reasons for

9  rejecting it, *Bayliss*, 427 F.3d at 1216.

10      The ALJ provided specific and legitimate reasons for giving Dr. Ho's

11  opinion "limited weight."  Tr. 34.  First, the ALJ noted that Dr. Ho's assessment

12  was inconsistent with other medical evidence in the record.  The Plaintiff sought

13  no treatment for his back pain nor had he complained of back pain during his

14  repeated hospital visits.  *See, e.g.*, Tr. 27, 29, 31, 375-83, 338-56, 678.  Second, the

15  ALJ found Dr. Ho's assessment was inconsistent with Plaintiff's daily activities.

16  Tr. 34; *see Morgan*, 169 F.3d at 601-02.  Finally, the ALJ found Dr. Ho's

17  assessment was not supported by her own examination findings.  Tr. 34; *see Bray*,

18  554 F.3d at 1228 ("[T]he ALJ need not accept the opinion of any physician,

19  including a treating physician, if that opinion is brief, conclusory, and inadequately

20  supported by clinical findings.").  Accordingly, because the ALJ provided specific

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

1    and legitimate reasons for rejecting Dr. Ho's opinion, this Court does not find

2    error.

3                    c.    Dr. Jay Toews, Ed.D.

4            Plaintiff also contends that the ALJ erred in rejecting the opinion of Dr. Jay

5    Towes.  ECF No. 15 at 19-20.  Specifically, Plaintiff points to Dr. Towes's March

6    2011 psychological evaluation in which he opined Plaintiff suffered from social

7    limitations.  *Id.*; Tr. 440.  Because this opinion was contradicted, Tr. 79-81, 125-

8    26, the ALJ need only have given specific and legitimate reasons for rejecting it,

9    *Bayliss*, 427 F.3d at 1216.

10           The ALJ provided specific and legitimate reasons for giving Dr. Toews'

11   opinion regarding Plaintiff's "social isolation and difficult attending to work" only

12   "limited weight."  Tr. 35.  First, the ALJ noted that Dr. Toews' opinions were

13   "based *only* on the claimant's self-reporting" which the ALJ found to be "less than

14   fully credible," as discussed above.  Tr. 35 (emphasis added); *Ghanim v. Colvin*,

15   763 F.3d 1154, 1162 (9th Cir. 2014) ("If a treating provider's opinions are based

16   'to a large extent' on an applicant's self-reports and not on clinical evidence, and

17   the ALJ finds the applicant not credible, the ALJ may discount the treating

18   provider's opinion." (quoting *Tommasetti*, 533 F.3d at 1041)).  Second, the ALJ

19   found that Dr. Toews' opinion was contradicted by Plaintiff's reported daily

20   activities. Tr. 35 ("[T]he record shows that [Plaintiff] has friends, engages

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

appropriately with providers, is able to interact with others, and obtains social

services. Thus, there is no corroborating support for this portion of his opinion."); *see Morgan*, 169 F.3d at 601-02.  Accordingly, because the ALJ provided specific and legitimate reasons for assigning Dr. Toews' opinion limited weight, this Court does not find error.

### 2.    Other Source Opinions

Medical sources, such as nurse practitioners and social workers, are not "acceptable medical source[s]" and thus are not entitled to the same deference as licensed physicians and other qualified specialists.  SSR 06-03p, 2006 WL 2329939 at *2 (stating that nurse practitioners and social workers are not "acceptable medical sources").  Instead, these professions qualify as an "other source" as defined in 20 C.F.R. §§ 404.1513(d) and 416.913(d).  The ALJ need only provide "germane reasons" for rejecting these other source opinions.  SSR 06-03p, 2006 WL 2329939 at *2; *Molina*, 674 F.3d at 1111.

Here, Plaintiff contends the ALJ erred by improperly rejecting the opinions of Ms. See and Ms. Mondragan.  This Court will address each source in turn.

### a.    Ms. Erin See, ARNP

Plaintiff contends the ALJ failed to properly consider the opinion of Ms. Erin See.  ECF No. 15 at 16-18.  Specifically, Plaintiff points to Ms. See's March 2012 evaluation in which she opined Plaintiff needs to lie down during the day to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

1    elevate his legs and would miss four or more days per month due to his physical

2    limitations.  *Id.* at 16; Tr. 566.  Because Ms. See is a nurse practitioner, the ALJ

3    need only have provided "germane reasons" for rejecting her opinion.

4        Here, the ALJ rejected Ms. See's opinion for the same reasons she rejected

5    Dr. Merrill's opinion, as detailed above.  Tr. 34 ("[T]here is scant evidence to

6    support [Ms. See's] opinion that the claimant is so severely limited for the same

7    reasons as discussed above with Dr. Merrill's opinion.").  In light of this Court's

8    conclusion that the ALJ provided specific and legitimate reasons for rejecting Dr.

9    Merrill's opinion, it follows that the ALJ also gave germane reasons for rejecting

10   Ms. See's opinion.  Accordingly, the ALJ provided germane reasons for rejecting

11   Ms. See's opinion.

12            b.    Ms. Gabriela Mondragan, MSW

13       Finally, Plaintiff contends that the ALJ improperly weighed the opinion of

14   Ms. Mondragan.  ECF No. 15 at 19-20.  Specifically, Plaintiff points to Ms.

15   Mondragan's December 2010 psychological evaluation in which she opined

16   Plaintiff would suffer moderate to marked limitations due to his social phobia.  *Id.*

17   at 19; Tr. 360.  Because Ms. Mondragan is a social worker, the ALJ need only

18   have provided "germane reasons" for rejecting her opinion.

19       The ALJ found no support in the record to support the level of severity of

20   Plaintiff's limitations as found by Ms. Mondragan.  Tr. 35.  However, because the

ALJ agreed that Plaintiff's mental limitations necessitated some restrictions—"simple routine tasks with occasional contact with coworkers and supervisors and brief, superficial contact with the public"—she accorded "some weight" to Ms. Mondragan's opinion.  Tr. 35.  To the extent there was no evidence in the record to support restrictions beyond that, but rather psychological opinion evidence in the record opined Plaintiff could tolerate superficial social interactions, *see* Tr. 34-35 (citing Tr. 80-81, 125-26), the ALJ provided a germane reason for not fully crediting Ms. Mondragan's opinion.  *See Bayliss*, 427 F.3d at 1218.

### C.    Step Five Analysis

"The hypothetical an ALJ poses to a vocational expert, which derives from the RFC, 'must set out *all* the limitations and restrictions of the particular claimant.'"  *Valentine*, 574 F.3d at 690 (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)).  "Thus, an RFC that fails to take into account a claimant's limitations is defective."  *Id.*  An ALJ, however, need not include limitations in the hypothetical that the ALJ has concluded are not supported by substantial evidence in the record.  *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163–64 (9th Cir. 2001).  "Unless the record indicates that the ALJ had specific and legitimate reasons for disbelieving a claimant's testimony as to subjective limitations such as pain, those limitations must be included in the hypothetical in order for the vocational expert's testimony to have any evidentiary value."  *Id.* at 423.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 21

1    Here, Plaintiff contends that, because the ALJ improperly rejected medical

2    opinions and Plaintiff's testimony, the RFC assessment and hypothetical posed to

3    the vocational expert did not reflect the full extent of his limitations.  ECF No. 13

4    at 19.

5    Plaintiff's argument is derivative of his arguments concerning the ALJ's

6    rejection of treatment and other source opinions, as well as the ALJ's adverse

7    credibility finding.  Given that the ALJ properly rejected the medical opinions and

8    permissibly discredited Plaintiff's statements, no error has been show.  *Batson*, 359

9    F.3d at 1197 (finding that it is proper for the ALJ to give little evidentiary weight

10    to discredited evidence when determining the RFC finding).  Therefore, given that

11    the RFC and hypothetical question included the extent of Plaintiff's impairments

12    supported by substantial evidence in the record, no error has been shown.

13    //

14    //

15    //

16    //

17    //

18    //

19    //

20    //

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 22

**ACCORDINGLY, IT IS HEREBY ORDERED:**

    1.  Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

    2.  Defendant's Motion for Summary Judgment (ECF No. 16) is

       **GRANTED**.

    The District Court Executive is directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

    **DATED** April 24, 2015.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23